UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(West Palm Beach Division)

Case Number: _____

NICOLE GUERRIERO,

    Plaintiff,

vs.

CITY OF DELRAY BEACH, a Florida
municipal corporation, and JAVARO
A. SIMS, individually,

    Defendants.
_____/

## Complaint for Damages and Injunctive Relief

### Count I: Nicole Guerriero's Claim Against the City and Javaro A. Sims Under 42 U.S.C. § 1983 for Violation of her Clearly Established Fourteenth Amendment Right Against Sex Discrimination

Plaintiff, Nicole Guerriero, sues defendants, City of Delray Beach, and Javaro A. Sims, individually, and alleges:

### Introduction and Summary

1.    This is an two-count action by Nicole Guerriero, a white, female lieutenant of police for the City of Delray Beach Police Department. She sues both the City and Javaro A. Sims, its first black police chief, who since taking office has passed her three times for promotion to captain or assistant chief of police. Lieutenant Guerriero sues in:

- Count I pursuant to 42 U.S.C. § 1983 for sex discrimination concerning Chief Sims's repeated refusals to promote her to captain or assistant chief of police dating back to 2019, and
- Count II pursuant to § 1983 for race discrimination concerning Chief Sims failure to promote her to captain in 2019.

Lieutenant Guerriero seeks money damages, injunctive relief, attorney's fees and litigation expenses and any other available remedies against the City of Delray Beach.

## Jurisdiction and Venue

2. These claims arise under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. The claims being sued upon arose in Palm Beach County, Florida, where the defendant at all material times did business.

## Parties

4. Nicole Guerriero was at all times material a white woman and a City of Delray Beach police lieutenant.

5. Defendant City of Delray Beach is, and at all times material was, a Florida municipal corporation that operated towards Lieutenant Guerriero under color of state law.

6. Defendant Javaro A. Sims has been since Chief of Police for the City of Delray Beach since February 12, 2019.  As such, he has been at all

times material the City's final policy maker concerning promotions of police officers to ranks higher than that of lieutenant, which are made solely at the discretion of the Chief of Police with no meaningful review of his decisions by anyone within City government. Chief Sims has at all times material operated towards Lieutenant Guerriero under color of state law.

## General Allegations as Relates to Count I

7. Lieutenant Guerriero has been a Delray Beach police officer since September 1999 (22 years) and has held the rank of lieutenant since August 2015 (six years):

 a. She at all times material possessed the qualifications to be promoted to either captain or assistant chief of police and.

 b. She had never suffered discipline at any time prior to any of the three promotions at issue.

8. Nonetheless, Chief Sims during the time that he has been police chief has:

 a. Taken Lieutenant Guerriero out of her prestigious position as commander of the Internal Affairs section — the assignment to which role is generally understood to enhance a law enforcement officer's professional growth or advancement, and reassigned her to road patrol, an assignment typically given to lieutenants who have just gotten promoted;

 b. replaced her as commander of Internal Affairs with Scott Privitera, a white, male lieutenant with no prior internal-affairs experience;

  c. Passed over Lieutenant Guerriero for promotion to captain or assistant chief of police in favor of males, both white and black, three times:

    i. Gene Sapino, a white male, who was hired in 1995, was promoted from lieutenant to chief of police in April 2019;

    ii. Russ Mager, a white male who was hired July 11, 1996, lacks a master's degree, but was promoted in April 2019 and currently an assistant chief of police, and

    iii. Dave Weatherspoon, a black male, whom Chief Sims promoted April 8, 2019, who had been on the department for 28 years, who transferred to a City Hall job and is currently retired.

  9. Chief Sims's removing Lieutenant Guerriero from Internal Affairs, replacing Lieutenant Guerriero in that job with a male lieutenant, and repeatedly passing over Lieutenant Guerriero for promotion to captain or assistant chief of police in favor of males, both black and white, is part of the unofficial policy or custom of discriminating against white women that Chief Sims has established since taking office:

  a. Upon becoming chief, Chief Sims immediately demanded the separation of Mary Olsen, a highly experienced white, female law-enforcement manager whom Delray Beach had recruited from the West Palm Beach police department to be assistant chief for operations:

        i.       Assistant Chief Olsen served as a mentor for other women on the department — including Lieutenant Guerriero;

        ii.      Chief Sims was so hostile to Assistant Chief Olsen that he had literally refused to speak with her during the time that they were both assistant chiefs, and

        iii.     Former Assistant Chief Sapino informed Lieutenant Guerriero prior to his December 2020 retirement that as long as Chief Sims was in power, Lieutenant Guerriero's career would not progress because of her association with former Assistant Chief Olsen.

    b.     Chief Sims has repeatedly passed over for promotion to sergeant Master Officer Stephanie Benavidez Baker, a 16-year veteran of the department — the only master officer on the 2020-2021 promotional list, and the promotional candidate whom an oral interview panel scored second highest — in favor of a Caribbean-American woman and five males;

    c.     Chief Sims suspended Nicole Ofsowitz Lucas, an agent in the City's Vice, Intelligence and Narcotics unit, for two months (albeit with her base salary still in place), subjected her to an Internal Affairs investigation and ordered her to undergo a psychiatric fitness-for-duty examination (the results of which were negative) after he learned that she had privately, and while off-duty, disparaged the Black Lives Matter movement as posing a threat to the safety of law enforcement officers — although no investigation was conducted into the identities of white male

police department employees who publicly posted intemperate, racially-tinged Facebook statements during the time that the nation was grieving and protesting the death of George Floyd at the hands of Minnesota police officers;

        d.    Although Chief Sims backed off of the 24-hour suspension he had originally threatened based on Agent Lucas's private, off-duty criticism of Black Lives Matter, he issued her a written reprimand — which became public record, which found its way to the Drug Enforcement Administration and which (reasonably foreseeably) caused the DEA to withdraw a four-year assignment of Agent Lucas to its Palm Beach County task force; that left as the only agent within the VIN unit to fulfill that lucrative assignment (one that is laden with overtime because of the nature of the job) a male agent with substantially less experience than Agent Lucas.

    10.    As a direct, natural and proximate result of the Chief Sims's sex-motivated removal of Lieutenant Guerriero from her specialized-unit assignment in internal affairs, returning her to road-patrol duty replacing her with a less experienced white male lieutenant and passing her over for promotion to captain or assistant chief in favor of four male lieutenants (one black, three white), Lieutenant Guerriero has suffered damages, including but not limited to:

        a.    lost earnings;

        b.    diminishment of earning capacity; and

  c. emotional distress and mental anguish.

11. Chief Sims exhibited wilful disregard of Lieutenant Guerriero's clearly established fourteenth-amendment right to be free from sex discrimination in his promotion of each of the four males instead of her to captain or assistant chief of police, entitling her to recover punitive damages against him.

12. If not enjoined by this Court to cease their deprivation of Lieutenant Guerriero's constitutional right to equal protection, Chief Sims, and through him the City of Delray Beach, would continue to discriminate against Lieutenant Guerriero because of her sex.

13. Plaintiff is entitled, pursuant to 42 U.S.C. § 1988, to recover her costs and litigation expenses, including a reasonable attorney's fee, for bringing this action.

WHEREFORE, Plaintiff, Nicole Guerriero, prays that this Court will grant judgment for her, and against the defendant, City of Delray Beach:

**One**, determining that the City and its agents violated Lieutenant Guerriero's clearly established right to equal protection, i.e., to be free from sex discrimination, i.e., passing over her in favor of a four male lieutenants for promotion to captain or assistant chief of police;

**Two**, enjoining the City and its agents, both preliminarily and permanently, to cease discriminating against Lieutenant Guerriero because

of her sex by, <u>inter alia</u>, ordering her promoted to captain or assistant chief of police, effective retroactively to April 2019;

**Three**, awarding compensatory damages against the City of Delray Beach and Javaro A. Sims, jointly and severally;

**Four**, awarding punitive damages against Javaro A. Sims in his individual capacity;

**Five**, awarding costs, including attorney's fees and litigation expenses, against the City of Delray Beach and Javaro A. Sims, jointly and severally, and

**Six**, granting such other and further relief as is just.

### Count II: Nicole Guerriero's Claim Under 42 U.S.C. § 1983 for Violation of her Clearly Established Fourteenth Amendment Right Against Race Discrimination Against the City and Javaro A. Sims

14. Plaintiff, Nicole Guerriero, realleges and adopts, as if fully set forth in Count II, the allegations of ¶¶ 1-7, 8(c)(iii) and 13.

15. As a direct, natural and proximate result of the Chief Sims's passing her over for promotion to captain in 2019 rather than Lieutenant Weatherspoon, Lieutenant Guerriero has suffered damages, including but not limited to:

    a. lost earnings;

    b. diminishment of earning capacity; and

    c. emotional distress and mental anguish.

16. In promoting Lieutenant Weatherspoon instead of her, Chief Sims exhibited wilful disregard of Lieutenant Guerriero's clearly established fourteenth-amendment right to be free from race discrimination, entitling her to recover punitive damages against him.

17. If not enjoined by this Court to cease their deprivation of Lieutenant Guerriero's constitutional right to equal protection, Chief Sims, and through him the City of Delray Beach, would continue to discriminate against Lieutenant Guerriero because of her race.

WHEREFORE, Plaintiff, Nicole Guerriero, prays that this Court will grant judgment for her, and against the defendants, City of Delray Beach and Javaro A. Sims:

**One**, determining that the City and Chief Sims violated Lieutenant Guerriero's clearly established right to equal protection, i.e., to be free from race discrimination, by passing over in favor of Lieutenant Dave Weatherspoon for promotion to captain in 2019;

**Two,** enjoining the City and its agents, both preliminarily and permanently, to cease discriminating against Lieutenant Guerriero because of her race by, inter alia, ordering her promoted to captain, effective retroactively to April 2019 when Lieutenant Dave Weatherspoon was promoted;

**Three**, awarding compensatory damages against the City of Delray Beach and Javaro A. Sims, jointly and severally;

**Four**, awarding punitive damages against Javaro A. Sims in his individual capacity;

**Five**, awarding costs, including attorney's fees and litigation expenses, against the City of Delray Beach, and

**Six**, granting such other and further relief as is just.

Respectfully Submitted,

November 15, 2021

/s/ Karen Coolman Amlong
KAmlong@TheAmlongFirm.com
Florida Bar Number 275565
THE AMLONG FIRM
500 Northeast Fourth Street
Suite 101
Fort Lauderdale, Florida 33301-1154
(954) 462-1983

**Attorneys for the Plaintiff,
Nicole Guerriero**

\\amlong3\cpshare\CPWin\HISTORY\210325_0001\17F7.8C